UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------- x
KIMBERLY S.,[1]                                                     :
                                                                    :
                              Plaintiff,                            :
                                                                    :      **MEMORANDUM &**
          -against-                                                 :      **ORDER**
                                                                    :
KILOLO KIJAKAZI, ACTING COMMISSIONER                                :      3:23-CV-21 (VDO)
OF SOCIAL SECURITY,                                                 :
                                                                    :
                              Defendant.                            :
                                                                    x
-------------------------------------------------------------------

**VERNON D. OLIVER**, United States District Judge:

      Plaintiff Kimberly S., proceeding *pro se*, commenced this action to seek judicial review of a final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") ruling that she is not entitled to disability insurance benefits ("DIB") or Supplemental Security Income ("SSI") under the Social Security Act. Plaintiff filed a letter setting forth the reasons why she disagrees with the Commissioner's decision, which the Court construes as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking remand of the decision. (ECF No. 16.) The Commissioner filed a cross-motion to affirm the decision. (ECF No. 17.) For the reasons set forth below, Plaintiff's motion is **denied** and Defendant's motion is **granted**.

---

[1] Plaintiff is identified by her first name and last initial pursuant to a January 8, 2021 Standing Order. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

**I.     BACKGROUND**

The Court assumes familiarity with Plaintiff's medical history, as summarized in the statement of facts in the Commissioner's memorandum (ECF No. 17-1 at 2–4), which the Court adopts and incorporates by reference.

On March 16, 2019, Plaintiff applied for SSI and DIB, alleging disability beginning on November 15, 2018. (Certified Administrative Record ("R."), at 143–44.[2]) Plaintiff's claims were denied on June 14, 2019. (R. at 147, 152.) Plaintiff's claims were again denied upon reconsideration on October 1, 2019. (R. at 159, 163.) On November 27, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. at 167.) Plaintiff, Plaintiff's attorney (Maurice Maitland), and an impartial vocational expert (Robert Baker) participated in a hearing before an ALJ (Judge Matthew Kuperstein) on September 14, 2021. (R. at 15, 17.)

On February 16, 2022, the ALJ found Plaintiff to be not disabled under sections 216(i) and 223(d) of the Social Security Act, and thus not entitled to DIB. (R. at 30.) The ALJ also found Plaintiff to be not disabled under section 1614(a)(3)(a) of the Social Security Act, and thus not entitled to SSI. (R. at 31.) Subsequently, the Appeals Council found no reason to review the ALJ's decision and denied Plaintiff's request for appellate review. (R. at 1.)

Plaintiff filed this action on January 3, 2023. (ECF No. 1.) On March 23, 2023, Plaintiff moved for judgment on the pleadings. (ECF No. 16.) Defendant cross-moved on April 27, 2023. (ECF No. 17.)

---

[2] "R." refers to the Certified Administrative Record filed at ECF No. 12. The pagination refers to the pagination on the bottom right-hand corner of the record, as opposed to the ECF pagination.

II.     **STANDARD OF REVIEW**

"Congress has authorized federal courts to engage in limited review of final SSA disability benefit decisions." *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022); *see also* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Therefore, a court may "set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks and citation omitted). "'Substantial evidence' is evidence that amounts to 'more than a mere scintilla,' and has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Id.*.

To be disabled, thus qualifying a claimant to benefits, a claimant must be unable " to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (quoting 42 U.S.C. § 423(d)(1)(a)). In determining whether a claimant is disabled, "the agency follows a five-step process detailed in 20 C.F.R. § 404.1520(a)(4)(i)–(v)." *Schillo*, 31 F.4th at 70.

3

> Under the five-step process, the Commissioner determines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe physical or mental impairment, or combination of severe impairments; (3) whether the impairment (or combination) meets or equals the severity of one of the impairments specified in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"); (4) whether, based on an assessment of the claimant's residual functional capacity, the claimant can perform any of her past relevant work; and (5) whether the claimant can make an adjustment to other work given the claimant's residual functional capacity, age, education, and work experience.

*Id.* (citing 20 C.F.R. § 404.1520(a)(4)(i)–(v)). The Commissioner considers whether "the combined effect of any such impairment . . . would be of sufficient severity to establish eligibility for Social Security benefits." 20 C.F.R. § 404.1523. While the finding of whether a claimant is disabled is reserved for the SSA, the SSA must consider an opinion provided by a claimant's treating physician and then draw its own conclusions as to whether the data in that opinion indicate disability. *Schillo*, 31 F.4th at 70 (citing *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)).

### III.   DISCUSSION

#### A.   The ALJ Properly Considered the Medical Opinion Evidence

Plaintiff first argues that the ALJ improperly evaluated the medical opinion evidence of clinical psychologist Dr. Liese Franklin-Zitzkat and therapist Daisy Abbot. (ECF No. 16 at 1.) Specifically, Plaintiff challenges the ALJ's findings that Dr. Franklin-Zitzkat's opinion was generally persuasive, and that Abbott's opinion was of limited persuasiveness. (*Id.*) Plaintiff suggests that because Dr. Franklin-Zitzkat evaluated Plaintiff once, Dr. Franklin-Zitzkat's opinion should be found less persuasive than that of Abbott, who saw Plaintiff on a weekly basis. (*Id.*)

For claims filed on or after March 27, 2017, as here, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider a medical opinion and any prior medical finding by evaluating the following factors: **(1)** supportability; **(2)** consistency; **(3)** the medical professional's relationship with the claimant, including: (i) the length of the treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, and (v) examining relationship; **(4)** the medical professional's specialization; and **(5)** other factors, including, but not limited to, evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of the SSA disability program's policies and evidentiary requirements. *Id.* § 416.920c(c). "[W]hen 'evaluating the persuasiveness of medical opinions and prior administrative medical findings,' the 'most important factors . . . are supportability . . . and consistency.'" *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293 at *1 (2d Cir. June 17, 2022) (quoting 20 C.F.R § 404.1520c(a)). Therefore, the ALJ must "explain how [it] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [its] determination or decision." *Id.* § 404.1520c(b)(2). "The ALJ may also, but is not required to, explain the third, fourth, and fifth factors[,]" which include the medical professional's relationship with the claimant, the medical professional's specialization, and other evidence. *Ashleigh L. v. Kijakazi*, No. 3:22-CV-675 (SVN), 2023 WL 6357000, at *7 (D. Conn. Sept. 29, 2023) (citing 20 C.F.R § 416.920c(b)(2)).

After careful consideration of the record, including the ALJ's decision and the medical evidence, the Court finds that the ALJ's decision includes a proper evaluation of medical

5

opinions at issue. As discussed below, substantial evidence supports the ALJ's decision as the ALJ analyzed the supportability and consistency of Dr. Franklin-Zitzkat and Abbot's opinions.

The ALJ properly evaluated Dr. Franklin-Zitzkat's opinion, finding it to be "generally persuasive." (R. at 27.) Dr. Franklin-Zitzkat personally examined Plaintiff for a consultative psychological examination. (R. at 505.) Dr. Franklin-Zitzkat opined that, despite Plaintiff's depression, Plaintiff seemed capable of attending to and understanding instructions, concentrating on tasks, carrying out instructions from a psychological standpoint, maintaining attendance, withstanding the stresses and pressures of a routine workday, adapting to simple changes, and making decisions. (*Id.*)

**First**, regarding consistency, the ALJ found Dr. Franklin-Zitzkat's findings were "consistent with the other evidence of record, especially the other mental status, psychiatric examination discussions from acceptable medical sources, which document [Plaintiff's] depressed and anxious mood, difficulties tolerating stress, normal memory skills, appropriate demeanor and good judgment." (R. at 27 (citing sources).) **Second**, regarding supportability, the ALJ found that "[o]ther than [Plaintiff's] reported fatigue limiting her ability to perform work-related activities, Dr. Franklin-Zitzkat's provided limitations appear internally supported by [the doctor's] one-time examination findings." (*Id.*) Because the ALJ found that Dr. Franklin-Zizkat's opinion was consistent with other medical evidence and supported by the consultative examination, the ALJ properly concluded that Dr. Franklin-Zizkat's opinion was generally persuasive.

The ALJ also properly evaluated Abbott's opinions, deeming them to be "of limited persuasiveness." (*Id.*) Abbot saw Plaintiff on a weekly basis for outpatient behavioral health sessions since April 2019. (R. at 496, 500, 981.) In October 2021, Abbott opined that Plaintiff

6

"is unable to resume any type of gainful employment due to mental and reported medical impairments/conditions." (R. at 981.) Abbott documented Plaintiff's reports of "loss of interest/pleasure, weight loss or gain, insomnia or hypersomnia, psychomotor agitation, fatigue, feeling worthless or insomnia or hypersomnia, and decreased concentrations and focus." (*Id.*) Abbott also opined that Plaintiff's combined mental and medical conditions limited Plaintiff's ability to concentrate, interact with others, perform manual tasks, walk, stand, lift, and maintain a hygiene routine. (*Id.*)

**First,** regarding consistency, the ALJ found Abbott's assessment to be inconsistent with other medical evidence of record, noting that Plaintiff "had normal cognition, speech, memory skills and judgment at examinations" and "demonstrated an appropriate affect and demeanor in the evaluation setting." (R. at 28 (citing sources).) The ALJ specifically noted that Abbott's assessments were inconsistent with Dr. Franklin-Zitzkat's findings following a consultative examination and Plaintiff's function reports. (*Id.*) **Second**, regarding supportability, the ALJ found that Abbott provided conclusory and brief rationales in her assessments. (*Id.*) The ALJ critiqued Abbott's reliance on Plaintiff's self-reporting of symptoms and noted that it was unclear how Abbott could opine on Plaintiff's physical restrictions when she primarily treated Plaintiff's mental health issues. (*Id.*) Indeed, Abbott's treatment record from October 2021 does not describe with specificity the techniques or procedures used to support her opinions. (*See* R. at 981.) Because the ALJ found Abbot's opinions were unsupported and inconsistent with other medical evidence, the ALJ properly found Abbot's opinions to be of limited persuasiveness.

The ALJ therefore did not err in evaluating the medical opinions of Dr. Franklin-Zitzkat and Therapist Abbot. "It is the role of the Commissioner, not the reviewing court, 'to resolve

7

evidentiary conflicts and to appraise the credibility of witnesses,' including with respect to the severity of a claimant's symptoms." *Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d. Cir. 2013) (quoting *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir 1983)).

Accordingly, the ALJ's consideration of the medical opinions at issue is supported by substantial evidence.

### B. The ALJ Properly Developed The Record

Plaintiff also contends that the ALJ failed to consider that Plaintiff is experiencing depression, anxiety, and pain, and that Plaintiff has been collecting State-Administered General Assistance ("SAGA") since December 2019. (ECF No. 16 at 1.)

In light of a hearing on disability benefits being a non-adversarial proceeding, "the ALJ generally has an affirmative obligation to develop the administrative record." *Burgess*, 537 F.3d at 128. The SSA regulations require an ALJ to "inquire fully into the matters at issue and . . . receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters." 20 C.F.R. § 702.338.

The Court finds that the ALJ sufficiently developed the record. The ALJ evaluated opinions of multiple professionals, medical records, and other evidence in the final decision, and, in fact, Plaintiff does not contend that there are gaps in the medical record. (R. at 18–31.) The ALJ explicitly considered evidence from medical sources that documented Plaintiff's "depressed and anxious moods, difficulties tolerating stress, normal memory skills, appropriate demeanor and good judgment." (R. at 27.) To illustrate, the ALJ considered how Plaintiff complained of "chronic unexplained pain, weakness, dizziness, depression, anxiety and unexplained weight loss" during her consultative examination with Dr. Franklin-Zitzkat. (R. at 23.) Nevertheless, an ALJ is not required to heavily weigh an opinion based on a

8

claimant's subjective complaints. *See Polynice v. Colvin*, 576 F. App'x 28, 31 (2d Cir. 2014) (finding that an ALJ properly discredited a medical opinion that included doctor's recording of the claimant's own reports of pain).

The ALJ's cursory analysis of Plaintiff's state disability benefits does not constitute reversible error. While the ALJ did not acknowledge that Plaintiff had been collecting SAGA since December 2019, the ALJ acknowledged that there may be evidence in the record that the SSA determined to be "inherently neither valuable nor persuasive[,]" such as "decisions by other governmental agencies and nongovernmental entities, [and] state agency disability examiner findings." (R. at 28.) Because Plaintiff's eligibility for SAGA involves a decision by another governmental agency, the ALJ was not required to explicitly analyze how that evidence was considered. *See* 20 C.F.R. §§ 404.1504, 416.904 ("[W]e will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits."); *see also* 20 C.F.R. §§ 404.1520b(c), 416.920b(c) ("[W]e will not provide any analysis about how we considered such evidence in our determination or decision.").

Accordingly, the ALJ did not err in developing the record with respect to Plaintiff's limitations and receipt of SAGA.

## IV. <u>CONCLUSION</u>

For these reasons, the Commissioner's motion for judgment on the pleadings (ECF No. 17) is **GRANTED** and Plaintiff's motion for judgment on the pleadings (ECF No. 16) is **DENIED**. Accordingly, the ALJ's decision is **AFFIRMED**. The Clerk of the Court is directed to enter judgment in favor of the Commissioner and close the case.

9

**SO ORDERED.**

Hartford, Connecticut
February 22, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge